| | | |
|---|---|---|
| **LAURIE SEARS DEPPA**<br>690 Melrose Street<br>Annapolis, Maryland 21401 | * | **IN THE** |
| | * | **CIRCUIT COURT** |
| **Plaintiff,** | * | **FOR** |
| v. | * | **PRINCE GEORGE'S COUNTY** |
| **SIX FLAGS AMERICA, LP**<br>SERVE ON: | * | |
|    CSC-Lawyers Incorporating<br>   Serv. Co.<br>   7 St. Paul street, Suite 820<br>   Baltimore, Maryland 21202 | * | **Case No.:** _____ |
| | * | |
| | * | **JURY TRIAL PRAYED** |
| **Defendant.** | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiff, LAURIE SEARS DEPPA, by and through her attorney, Michele R. Kendus of Kendus Law LLC, hereby files this Complaint against Defendant, SIX FLAGS AMERICA, LP, for Discrimination, seeks damages and injunctive relief, and alleges as follows:

### JURISDICTION AND VENUE

1. That Plaintiff, Laurie Sears Deppa, is an adult citizen of the State of Maryland and a resident of Anne Arundel County, Maryland.

2. That Defendant Six Flags America, LP ("Six Flags") is a corporation with its principal office located in Prince George's County at 13710 Central Avenue, Upper Marlboro, Maryland 20721, and which operates the Six Flags amusement park at the same location.

3. All material events giving rise to this action occurred at the Six Flags amusement park in Prince George's County, Maryland.

Exhibit 3

4. Plaintiff filed her claim with the Maryland Commission on Civil Rights (the "MCCR") on December 26, 2019, which was served upon Defendant on or about January 31, 2020. *See* Correspondence from the MCCR attached as Exhibit A. Subsequently, the MCCR failed to notify the parties of any investigative hearing or other attempt to engage the parties in resolution of the claim, despite numerous attempts by Plaintiff's counsel to establish contact with the Civil Rights Officer, Octavia Browing. *See* Affidavit of Counsel, attached as Exhibit B.

## FACTS ALLEGED

5. That Plaintiff is a disabled United States military veteran, and who suffers from a permanent spinal cord injury that causes her to use certain assistive devices for mobility, including a walker or a wheelchair, depending on her level of pain and disability due to the spinal cord injury on any given day.

6. That at all times relevant hereto, Plaintiff paid and continues to pay annual dues to establish a membership with Six Flags, which provides her with admission to the amusement park.

7. That on August 6, 2019, Plaintiff visited the Six Flags amusement park with her young daughter and her daughter's two friends. When she arrived with the children, Plaintiff was initially denied entrance because she required use of an assistive device, a walker equipped with built-in seat, which was necessary to accommodate her disability. Plaintiff was confronted by security personnel who insisted she could not enter the park with her necessary device, and she was forced to argue and tearfully plead for entry, subject to significant public humiliation, before the security personnel permitted Plaintiff to enter the park with her necessary assistive device.

8. That on September 22, 2019, Plaintiff again visited the Six Flags amusement park with friends and family, using her wheelchair. Plaintiff was admitted to the park, but subsequently was denied access to a particular attraction known as the "Looney Tunes Prop Warehouse." On that day, Plaintiff was accompanied by the five-year old child of her friend, who she was supervising when the child ran into the Looney Tunes Prop Warehouse. When Plaintiff attempted to take her wheelchair into the attraction through the "handicap entrance" in order to supervise the child, she was told by an employee named "Kenyon" that she was not permitted to enter with a wheelchair. She was offered no alternative way to enter, and she ultimately had to request someone else enter the attraction to check on the child who was in her charge while they were at the park.

9. That Plaintiff wishes to patronize the Six Flags amusement park, but she is now deterred for fear that she will again face the discriminatory actions demonstrated by the Six Flags employees, and be denied access to the full range of attractions.

10. The discriminatory actions of the Six Flags employees deny Plaintiff, and otherwise similarly situated disabled persons, the full and equal use and enjoyment of the amusement park. Six Flags has further failed to ensure that its practices, and the practices of its employees, do not subject persons with disabilities, such as Plaintiff, to discrimination.

11. Until the discriminatory practices are addressed and corrected through the institution of anti-discriminatory policies, procedures and employee training, Plaintiff will continue to suffer discrimination by being excluded and deterred from returning to Six Flags amusement park, and will continue to be denied the same full and equal access, use and enjoyment of the amusement park and attractions that Defendant offers to the general public.

12. That as a result of each Defendant's discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be prevented and/or deterred from accessing and using Defendant's facilities, for which she pays membership fees, to the same extent as, and in a manner equal to, her peers without disability. Plaintiff has suffered discrimination, deterrence, humiliation, distress, and embarrassment, all to her damage.

13. Through this lawsuit, Plaintiff seeks the following:

a) A declaration that the actions taken by Defendant's employees, and any and all policies, procedures, or training that led to such actions, violate local, State and Federal laws that prohibit any owner or operator, or any agent of any owner or operator of such place of public accommodations, from denying any person any of the accommodations, advantages, facilities, or privileges of such a place of public accommodation because of discrimination based on physical handicap;

b) Compensation for her actual damages and her injuries that resulted from Defendant's discriminatory conduct and actions, including statutory damages permitted pursuant to Maryland Code, State Government § 20-1202;

c) an injunction prohibiting Defendant from discriminating against her in the future by refusing her full and equal access to the Six Flags amusement park and attractions based on her disability and use of necessary assistive devices; and

d) court costs and reasonable attorney's fees.

## COUNT I
## Violation of the Americans with Disabilities Act – Title III

14. Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein at length.

15. Plaintiff, whose spinal cord injury causes here "a physical ... impairment that substantially limits one or more major life activities," is a person with a physical disability under 42 U.S.C. § 12102(1)(A). Further, Plaintiff was "regarded as having such an impairment" by Defendant, whose employees subjected Plaintiff to discriminatory treatment because of an actual or perceived physical impairment that is not transitory or minor, and is something Plaintiff must live with every day, for life.

16. Defendant operates a public accommodation, an amusement park that is expressly included in the definition of "public accommodation" under the ADA.

17. Defendant has discriminated against Plaintiff on the basis of her disability by restricting her entry into the amusement park and/or excluding her entrance into certain attractions otherwise available to the public within the amusement park ("entry restrictions"), which includes the following discriminatory acts, among other violative conduct:

a) Defendant, by and through its policies, procedures, and/or actions of its employees, imposed entry restrictions that screen out individuals with disabilities from the full and equal enjoyment of the Six Flags amusement park and attractions otherwise available to the public within the amusement park;

b) Defendant, by and through its policies, procedures, and/or actions of its employees, imposed entry restrictions that are not based on actual risks, but rather, on

speculation, stereotypes, or generalizations about individuals with disabilities. *See* 28 C.F.R. § 36.301(a) & (b); and

    c) Defendant, by and through its policies, procedures, and/or actions of its employees, imposed entry restrictions without making individualized assessments, based on reasonable judgments and objective evidence, to determine whether otherwise abled-bodied persons using assistive devices such as walkers and wheelchairs pose a direct threat to the health and safety of others within the amusement park and/or within the individual attractions from which Plaintiff was restricted. *See* 28 C.F.R. § 36.208.

18. Defendant, by and through its policies, procedures, and/or actions of its employees, has also discriminated against Plaintiff on the basis of her disability by failing to make reasonable modifications to its discriminatory practices, policies, or procedures that caused its employees to impose entry restrictions where such modifications would not fundamentally alter the nature of such services, privileges, advantages, and/or accommodations to non-disabled persons. *See* 42 U.S.C. § 12182(b)(2)(A)(ii).

19. Defendant, by and through its policies, procedures, and/or actions of its employees, has also discriminated against Plaintiff on the basis of her disability by failing to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services where such would not fundamentally alter the nature of such services, privileges, advantages, and/or accommodations to non-disabled persons. *See* 42 U.S.C. § 12182(b)(2)(A)(iii).

## COUNT II
### Violation of the Maryland Code, State Government, § 20-304 and Prince George's County Code § 2-220

20. Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein at length.

21. Defendant operates Six Flags amusement park, a "place of exhibition or entertainment" and a "retail establishment" that "offers goods, services, entertainment, recreation, or transportation'" and thus is defined as a "place of public accommodation" under Md. Code Ann., State Gov't § 20-301 and PG County Code §2-194.

22. Defendant, by and through its policies, procedures, and/or actions of its employees, has refused, withheld from, and denied Plaintiff the accommodations, advantages, facilities, and privileges of the Six Flags amusement park because of her physical handicap and disability, in violation of Md. Code Ann., State Gov't § 20-304 and Prince George's County Code § 2-220.

23. Defendant, by and through its policies, procedures, and/or actions of its employees, has failed to provide Plaintiff reasonable accommodations to make the Six Flags amusement park suitable for access, use, and patronage by an individual with a disability such as hers, where such accommodations would not pose danger to the disabled individual's health or safety, would not pose undue hardship or expense on Defendant, and would not violate any requirement of the Building Code for Prince George's County. *See* Md. Code Ann., State Gov't § 20-304; Prince George's County Code § 2-220.

WHEREFORE, Plaintiff LAURIE SEARS DEPPA demands judgment against Defendant SIX FLAGS AMERICA, LP and award to Plaintiff damages in excess of $75,000.00, allowable statutory damages, redress of injury, and injunctive relief to include the following:

a) Compensatory damages;

b) A declaration that Defendant's actions, and the actions of its employees, and any and all policies, procedures, or training that led to such actions, violate the Americans with Disabilities Act, Maryland Code, and the Prince George's County code that prohibit such discriminatory actions based on physical handicap;

c) An injunction prohibiting Defendant from discriminating against her in the future by imposing entry restrictions upon her based on her physical disability;

d) For attorney's fees, expert witness fees, and costs;

e) For such further relief that this Honorable Court deems appropriate.

Respectfully submitted,

*[signature]*

Michele R. Kendus (CPF No. 0012120350)
Kendus Law LLC
300 East Lombard Street
Suite 840
Baltimore, Maryland 21202
michele@kendus-law.com
Tel.: (443) 690-1922; Fax: (410) 814-7539
***Attorney for Plaintiff Laurie Sears Deppa***

## ELECTION FOR JURY TRIAL

Plaintiff elects to have this case tried before a jury.

*[signature]*
Michele R. Kendus