# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LAURIE DEPPA** | * | |
| **Plaintiff,** | * | |
| vs. | | |
| | * | Case No.: 8:21-cv-02713-PWG |
| **SIX FLAGS AMERICA LP** | | |
| | * | |
| **Defendant.** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S RULE 26(a)(1)(A)(iii) STATEMENT

Pursuant to this Court's Scheduling and Discovery Order, Plaintiff hereby submits her Rule 26(a)(1)(A)(iii) particularized statement of damages, and states as follows:

1. Plaintiff claims economic damages for her membership fees paid to Defendant, Six Flags LP, in the amount of $45.39 per month, for the time-period beginning August 6, 2019 through the resolution of this matter and/or the delivery of the equitable relief sought to address Plaintiff's fear that she will again face the same discriminatory actions if she patronizes Defendant's amusement park.

2. Plaintiff seeks injunctive and other equitable relief, including but not limited to:

    a. Revisions to Defendant's policies and procedures that led to the discriminatory actions of its employees and unreasonable entry restrictions imposed upon Plaintiff;

    b. Review and revision of all facilities and attractions within the amusement park to ensure provision of reasonable accommodations that will make the park, its facilities and each of its attractions suitable for access, use, and patronage by Plaintiff and others with a disability such as hers;

c. Additional training for Defendant's employees to ensure each employee has a full understanding of the requirements under Federal, State and Local laws that they provide reasonable accommodations to make the amusement park suitable for access, use, and patronage by an individual with a disability such as Plaintiff's, and an injunction against future discrimination, which will prohibit Defendant from refusing Plaintiff entry access to the Six Flags amusement park and attractions based on her disability and use of necessary assistive devices where reasonable accommodations, such as permitting entry with the assistive devices and providing an appropriate entrance to each attraction that accommodates individuals with disabilities who require such devices, can and should be instituted.

3. Non-economic damages to be determined by a jury to compensate Plaintiff for the significant anxiety, embarrassment, humiliation, and undue stress suffered as a result of Defendant's discriminatory actions taken against her; and

4. Reasonable attorney's fees and legal expenses permissible pursuant to 28 C.F.R. § 36.505, and Md. Code Ann., State Gov't § 20-1202 (d), the first quarterly statement of which was been produced to defense counsel on June 30, 2022, in accordance with Appendix B, Guideline 1.c. of the Local Rules.

Respectfully submitted,

_____
Michele R. Kendus (Fed. Bar #26586)
Kendus Law LLC
300 East Lombard Street
Suite 840
Baltimore, Maryland 21202
michele@kendus-law.com
Tel.: (443) 690-1922; Fax: (410) 244-5810
***Attorney for Plaintiff***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY**, that on this  6th  day of July, 2022, a copy of Plaintiff's Rule 26(a)(1)(A)(iii) Statement was filed with the Clerk of Court using the CM/ECF system to effect service upon all counsel of record pursuant to Local Rule 102 (c):

Tamara B. Goorevits (Fed. Bar No. 25700)
Miranda D. Russell (Fed Bar No. 20357)
Franklin & Prokopik, P.C.
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
tgoorevitz@fandpnet.com
mdrussell@fandpnet.com
***Attorneys for Defendant Six Flags America LP***

_____
Michele R. Kendus (Fed. Bar #26586)